```
                    UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                           WESTERN DIVISION

JOHN I. WILLIAMS                                          PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:08cv215-DCB-JMR

BONNIE ADAMS, ALFA INSURANCE CORPORATION,
THE TRAVELERS INDEMNITY COMPANY OF AMERICA,
JOHN DOES 1-10, A-M CORPORATIONS 1-13, AND
N-Z CORPORATIONS 1-13                                    DEFENDANTS
```

ORDER

This cause is before the Court on defendant The Travelers Indemnity Company of America's ("Travelers") Motion to Dismiss **[docket entry no. 41]**. Having carefully considered the motion, responses, and the applicable law, the Court finds as follows:

On June 12, 2008, John I. Williams ("the plaintiff") filed a Complaint against Bonnie Adams ("Adams"), Alfa Insurance Corporation ("Alfa"), and Travelers, seeking damages from Adams for injuries sustained in an automobile accident that occurred on June 17, 2005, in Adams County, Mississippi, and seeking uninsured/underinsured motorists benefits from Alfa and Travelers. The Complaint asserts that the Court has jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00. It alleges that the plaintiff is a citizen of Adams County, Mississippi; Adams is a "non-resident of the State of Mississippi and is believed to be an adult resident citizen of Concordia Parish, Louisiana"; Alfa is an Alabama corporation; and Travelers is a Connecticut corporation. Complaint, pp. 1-2.

On April 2, 2009, Travelers filed the instant Motion to Dismiss without prejudice under Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. § 1332 for lack of jurisdiction.  Specifically, Travelers avers that both the plaintiff and Adams "were adult resident citizens of and domiciled in Adams County, Mississippi on June 12, 2008," and therefore complete diversity does not exist.  Motion to Dismiss ¶ 3.  Travelers discovered that Adams was a resident of Concordia Parish, Louisiana, on June 17, 2005, the date of the accident, but that she moved to Adams County, Mississippi, after the accident but before the Complaint was filed.

In response, the plaintiff states that "according to all information available on June 12, 2008, [he] had good faith belief that [Adams] was still a domiciliary of Louisiana on the date he filed his Complaint." Resp. To Mot. To Dismiss ¶ 3.  The plaintiff asserts that he first learned of Adams' move to Mississippi at Adams' deposition in March 2009, where she testified that she moved from Concordia Parish, Louisiana, to Adams County, Mississippi, in early 2007, that she has resided there ever since, and that she intends to remain there.  Resp. To Mot. To Dismiss ¶ 5.

Adams also filed a Response to Travelers' Motion to Dismiss, in which she avers that at the time of the accident, she was a resident of Louisiana, but at the time the plaintiff filed his Complaint, she was a resident of Mississippi.

For the Court to have subject matter jurisdiction over this matter based on diversity jurisdiction, complete diversity must exist among the parties at the time the Complaint was filed.  28

U.S.C. § 1332(7).  Therefore, as both the plaintiff and defendant Adams were residents of Adams County, Mississippi, on June 12, 2008, the date the Complaint was filed, there is no complete diversity of citizenship under § 1332.  Accordingly,

**IT IS HEREBY ORDERED** that Travelers' Motion to Dismiss **[docket entry no. 41]** is **GRANTED**, and this action is dismissed without prejudice.

**SO ORDERED**, this the 29th day of July 2009.

/s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**